LEMMON, Judge.
A. D. Smith Construction Company, Inc. and the Succession of Angus D. Smith ap *336 pealed suspensively from a money judgment against both as third party defendants, based on an alleged agreement by the deceased Angus D. Smith to pay a portion of the debt of Thomas L. Peace.
Fidelity Bank and Trust Company sued Peace for the balance of $1,312.00 due on a promissory note. In his answer Peace admitted all allegations of the petition, but also filed a third party petition against the corporation and Smith individually, alleging that Smith had agreed to pay $1,000.00 of the balance due on the note.
Smith and the corporation answered, denying the promise to pay and further pleading lack of consideration. Smith subsequently died, and by stipulation his succession was substituted as third party defendant.
The bank obtained a summary judgment against Peace. After trial on the merits of the third party demand, the trial judge held that Smith had made an agreement to pay on behalf of his corporation and rendered judgment in solido against the corporation and the succession.
The pertinent facts are uncomplicated. In April, 1966 Peace moved from Florida to New Orleans to accept a position as general superintendent with the corporation at a salary of $1,000.00 per month. The corporation paid his moving expenses, and Peace testified that Smith, the president of the corporation, agreed to give him one month’s notice before his employment would be terminated.[1]
Subsequently, Smith arranged a loan for Peace with the plaintiff bank. On May 1, 1967 Peace executed a promissory note in the amount of $1,500.00, payable in ninety days, and Smith endorsed the note on the reverse side.
The balance on the loan was approximately $1,300.00 when Peace’s employment was terminated. Peace testified that he proposed to pay $300.00, plus interest, on the loan, if Smith would pay the remaining $1,000.00 as the equivalent of the pay he would have received during the 30-day notice period. Smith agreed, and Peace gave him a check dated July 28, 1967, payable to the Fidelity Bank, in the amount of $306.50. On the check was a notation “In full for $1500.00 note $1300.00 bal. as of this date.”
Almost two months later Smith wrote the following letter to Peace on corporation stationery:
“Dear Tom:
“I am returning herewith the check you had given me to pay off the note which you have with the Fidelity Bank.
“I have reconsidered this and due to the terrifically bad state of affairs in which you left me with Claiborne Gardens and the fact that I did far more than what I had agreed to in the original bargain, I can see no way that I, as a businessman, can reason where I should pay this note. Both of these jobs, the one with Bryan and the Claiborne Gardens which you insisted on doing, is amounting to a loss of well over $10,000 which can only be attributed to you, since you bid, bought and supervised.
“This is a step I have debated for sometime in taking, since I originally agreed to take care of this note for you but, in view of these facts, I think it would be a weakness on my part to go any further with these losses.
Very truly yours,
/s/ A. D.
A. D. Smith”
The only evidence introduced by Peace was his own testimony, the check and the letter. On appeal, the corporation and the succession contend that this proof is insufficient under LSA-R.S. 13:3721 and 13:3722, which limit the use of parol evi *337 dence to prove any debt or liability of a deceased person, and which required, when parol evidence is admissible, proof by the testimony of one credible witness other than the claimant and other corroborating circumstances.
The “dead man statute” was enacted to prevent the abusive presentation of stale claims against the heirs or legatees of deceased persons and has been amended several times. A historical review of the legislative acts and the jurisprudence interpreting these is unnecessary for a resolution of this case.
The record is completely devoid of any proof that the deceased A. D. Smith ever promised to personally pay any amount to Peace. The judgment against the succession is therefore incorrect and must be reversed.
However, there is ample proof that the corporation bound itself to pay Peace's debt. By their unambiguous wording, Sections 3721 and 3722 apply only to debts or liabilities of deceased persons, and do not provide the method of proving the debt or liability of a corporation. Such debts are provable in the manner and form required for proof of obligations.[2]
It is undisputed that Smith had the authority to bind the corporation and that all agreements concerning employment and termination were entered into on behalf of the corporation. The letter by the corporation president confirms the agreement to pay the debt and corroborates the testimony of the claimant.
The contention of lack of consideration is also of no avail. Peace was induced to move from Florida and was promised one month’s notice in the event that his employment was terminated. Perhaps his employer could have required him to work for one month after notice, but all such considerations were merged into the agreement to pay the proportionate amount of the bank note. We hold that there was sufficient consideration for the promise to pay $1,000.00.
As to the losses incurred by the corporation allegedly due to Peace’s fault, the mere fact of the losses does not constitute failure or lack of consideration. Peace was entitled to one month’s notice, regardless of his competency or his failings as a corporation employee. There is no proof in the record of any fraud or gross misconduct or any other breach possibly sufficient to relieve the corporation of its obligation under the employment agreement, which formed the basis of the promise to pay Peace’s indebtedness.
The judgment appealed from is therefore reversed as to the Succession of Angus D. Smith, and the third party demand against the succession is dismissed. As to A. D. Smith Construction Company, Inc. the judgment is affirmed. The costs of this appeal are assessed against A. D. Smith Construction Company, Inc.
Affirmed in part, reversed in part.

. From the testimony and the oral argument, it appears that all parties considered this an agreement for termination pay.

. LSA-R.C.C. 2277.